# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ANTHONY JEROME FITZGERALD
ADC # 106273                                                                                    PLAINTIFF

V.                                         5:09CV00187 SWW

GREG ROBINSON, Attorney,
Greg Robinson Law Firm; JODI RAINES
DENNIS, Circuit Judge, Jefferson County;and
JEFFERSON COUNTY SHERIFF DEPARTMENT                         DEFENDANTS

## ORDER of DISMISSAL

Plaintiff, an inmate at the Cummins Unit of the Arkansas Department of Correction, filed a *pro se* Complaint (docket entry #2) pursuant to 42 U.S.C. § 1983. After carefully reviewing Plaintiff's pleadings pursuant to its screening function under 28 U.S.C. § 1915A(a), the Court concludes that this action must be dismissed for failure to state a cognizable claim for relief under § 1983.

## I. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985).

## II. Analysis of Plaintiff's Claims

Plaintiff was convicted in 2006 in Jefferson County Circuit Court of first-degree murder, for the shooting death of his ex-brother-in-law, and the sentence has been affirmed on appeal. *Fitzgerald v. State of Arkansas*, No. CACR07-8, 2007 WL 2713585 at *1 (Ark. App. Sept. 19, 2007). He has filed the instant action because he believes that the failure of the Defendants to provide for his presence at the omnibus hearing prior to his trial deprived him of knowing "what evidence was being held against me" and therefore a fair trial. He seeks monetary damages for the alleged constitutional violation.

### A. *Habeas* Issues

First, to the extent Plaintiff is challenging the validity of the charges against him, his sole remedy is a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a *habeas* action as opposed to a § 1983 claim. The essence of *habeas corpus* is an attack

by a person in custody upon the legality of that custody. *Id*. at 484. The label a prisoner gives to his suit is not controlling. *Id*. at 489-90. Therefore, if Plaintiff is in effect challenging his incarceration, then his sole federal remedy is a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983. *Id.* at 499. To the extent Plaintiff is challenging his incarceration, his claims are not cognizable here. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)(court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling).

Plaintiff's claim for damages likewise fails. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus

Plaintiff's allegation of the denial of a fair trial, if proven, would necessarily imply the invalidity of his convictions. Absent any allegation that Plaintiff has successfully challenged his conviction through appropriate state or federal procedures, his § 1983 claim is not cognizable; therefore, Plaintiff's claims will be dismissed without prejudice to refiling at such time as a successful challenge has occurred. Plaintiff should be advised, however, that he cannot bring a federal habeas action challenging his conviction until he has exhausted his state remedies, as described above. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996); *Armento-Bey v. Harper*, 68 F.3d 215, 216 (8th Cir. 1995)(Bowman, J., dissenting).

**B. Claims against Judge**

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability."

*Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireless v. Waco*, 502 U.S. 9 (1991); *Duty v. City of Springdale*, 42 F.3d 460, 462-63 (8th Cir.1994). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice. *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Pierson v. Ray*, 386 U.S. 547 (1967). The evaluation whether an act of a judge can be considered "judicial" is dependent on the nature of the act itself – whether the act is a function normally performed by a judge in his judicial capacity. *See Forrester v. White*, 484 U.S. 219 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978). It is clear that Judge Dennis, in presiding over Plaintiff's criminal case, was performing functions that a judge would perform in her judicial capacity in presiding over a criminal trial. Accordingly, judicial immunity serves as a bar to Plaintiff's § 1983 claims against Defendant Dennis.

### C.  Claims against Defense Counsel

Plaintiff's claims against his public defender, Defendant Robinson, also fail because a private defense attorney does not act under color of state law. To state a cognizable claim for money damages under 42 U.S.C. § 1983, Plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). An attorney, even an appointed public defender, does not act under color of state law when performing the traditional functions of a defense counsel. *Polk County v. Dodson*, 454 U.S. 312, 320 (1981) ("It is the function of the public defender to enter not guilty pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions"). Plaintiff's complaints about his

defense counsel concern functions that a lawyer would traditionally perform as an advocate for a client in a criminal defense action. Thus, Plaintiff's allegations cannot support a claim for relief against Defendant Robinson.

### D. Claims against the Sheriff's Department

Lastly, a sheriff's department is not a legal entity subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)( "[s]heriff's departments and police departments are not usually considered legal entities subject to suit" under § 1983); *In re Scott County Master Docket,* 672 F.Supp 1152, 1163 n. 1 (D.Minn. 1987)(sheriff's department is not a legal entity subject to suit under § 1983), *aff'd Myers v. Scott County*, 868 F.2d 1017 (8th Cir.1989). The Eighth Circuit has expressly held that dismissal of a police department is proper in a § 1983 suit because a police department is only a "subdivision of the City" and, therefore, not a "jurisdictional [entity] suable as such." *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). The same holds true here.

For all these reasons,

### III. Conclusion

IT IS THEREFORE ORDERED that:

1) Plaintiff's Complaint (docket entry #2) is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted. Dismissal of this action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*,

2) The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 10th day of July, 2009.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

175 F.3d 1023 (8th Cir. Feb. 9, 1999)(unpub. table op.)(citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).